CHARLES KRUEGER

*v.*

STATE OF ILLINOIS.

*Opinion filed November 80, 1912.*

1. MILITARY SERVICE—*when award will be made.* Claimant, while in the service of the State as a member of the National Guard, was poisoned by coming into contact with poison ivy, and after returning from said encampment was unable to labor for a number of days. *Held,* that claimant is entitled to recover for time lost.

2. JURISDICTION—*to hear military claims.* The Military Code provides, that where an enlisted man is injured while performing his duty under orders of the Commander-in-Chief, he shall have a claim against the State for financial help or assistance, and the Court of Claims shall act on and adjust the same, as the merits of the case may demand.

Burns and Burns, for Claimant.
W. H. Stead, Attorney General, for State.

Claimant in this cause was a regularly enlisted man of Company L, Third Infantry, Illinois National Guard, in which company he has served for ten years. He alleges in his declaration, that while in regular encampment at Camp Deneen, in Springfield, in August of 1910, his company was ordered to make certain marches and maneuvers throughout the surrounding country, and, that while taking part in these maneuvers he came in contact with certain poison ivy and was poisoned thereby; that as a result of said poisoning he was caused great pain and was disabled during the remaining period of encampment and for seventeen days after returning to his home; that during said seventeen days he was unable to follow his regular employment; that he lost fifteen working days thereby and that his regular rate of wages was two dollars per day.

Claimant further alleges, that under paragraph 153, chapter 129, Revised Statutes of Illinois, the Adjutant

General's department allowed him twenty-two dollars and ten cents, being one-half his active service pay during his disability, and twenty-three dollars for physician's services during said period. He now makes claim for the additional sum of seven and 90-100 dollars, being the difference between thirty dollars (his loss of fifteen working days at two dollars per day) and the twenty-two dollars and ten cents allowed him by the Adjutant General's Department.

Owing to the fact that the cost of taking evidence would exceed the amount of the claim herein, it has been stipulated of record by the Attorney General, that the facts as stated in the declaration can be proven, and are to be considered by this Court the same as if they had been duly proven by depositions taken as provided by law.

In paragraph 154 of the Military Code, it is provided, that where an enlisted man of the National Guard, shall be injured while performing his duty, in pursuance of orders from his Commander-in-Chief, he shall have a claim against the State for financial help or assistance, and the Court of Claims shall act on and adjust the same as the merits of each case may demand.

The facts as stated in the declaration being admitted of record in this cause, under the provisions of paragraph 154 of the Military Code, the claimant herein is entitled to an award and award is so made to the amount of seven and 90-100 dollars.